

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 07-CR-57 (CNC) |
| WILLIAM L. BABLER, | |
| Defendant. | |

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Gregory J. Haanstad, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, and Richard G. Frohling, Stephen A. Ingraham, and Kelly B. Watzka, Assistant United States Attorneys for the Eastern District of Wisconsin, and the defendant, William L. Babler, individually and by attorneys James Voyles and Jennifer Lukemeyer, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. In connection with this plea agreement, the defendant has been charged in an information with a violation of Title 18, United States Code, Section 4.

3. The defendant has read and fully understands the charge contained in the information and fully understands the nature and elements of the crime with which he has been charged. The charge and the terms and conditions of the plea agreement have been explained to him fully by his attorney.

4.  The defendant voluntarily agrees to waive prosecution by indictment in open court.

5.  The defendant voluntarily agrees to plead guilty to the offense alleged in the information, which is set forth in full in Attachment A.

6.  The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense charged in the information. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts set forth in Attachment B beyond a reasonable doubt. The defendant admits to the facts set forth in Attachment B and agrees that those facts establish his guilt beyond a reasonable doubt. The parties further acknowledge that the information set forth in Attachment B is provided for the limited purpose of setting forth a factual basis for the defendant's plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in the offense.

## PENALTIES

7.  The parties understand and agree that the charge set forth in the information carries the following maximum term of imprisonment and fine: 3 years and $250,000. The offense also carries a mandatory special assessment of $100 and a maximum of one year of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 27 of this agreement.

8.  The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

2

## DISMISSAL OF INDICTMENT

9. The government agrees to move to dismiss the indictment as to this defendant at the time of sentencing.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of misprision of a felony, as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the principal actors committed and completed a felony, namely: conspiracy to commit wire fraud and to obstruct justice;

Second, that the defendant had knowledge of this fact;

Third, that the defendant failed to notify the authorities as soon as possible; and

Fourth, that the defendant took affirmative steps to conceal the felony.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in the

3

information. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

## Sentencing Guidelines Calculations

15. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant retains his right to litigate specific points at a sentencing hearing. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating

4

the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty.

## Base Offense Level

17. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 19 under Sentencing Guidelines Manual §§ 2X4.1(a) and 2B1.1(b)(1)(O).

## Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to move for an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any matters not specifically addressed by this agreement.

21. The parties acknowledge and understand that the United States will recommend a sentence no higher than the low end of the advisory guideline range as calculated by the sentencing court. The defendant is free to argue for any sentence he deems appropriate.

### Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

### Fine

25. The parties agree to recommend to the sentencing court that no fine be imposed due to the amount of the defendant's potential restitution obligation and civil liability.

### Special Assessment

26.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

27.     Because the defendant was hired by IOS only after all of the charged wire fraud executions had taken place, the government agrees that the losses attributable to IOS's fraud scheme were not foreseeable to the defendant at the time he attempted to conceal the offenses described in the information. As such, the parties agree to recommend that the court decline to include this defendant in any restitution order.

### Forfeiture

28.     In light of the defendant's potential civil liability, the United States agrees not to seek forfeiture of the defendant's residence or any other properties owned by the defendant.

### DEFENDANT'S COOPERATION

29.     The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from the applicable sentencing guideline range. The defendant acknowledges and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

30. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

31. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his

8

attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offenses to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

32. The defendant acknowledges and understands that he will be adjudicated guilty of each offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

33. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

34. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant,

9

including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

35. The parties acknowledge that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge that this plea agreement will be filed and become part of the public record in this case.

37. The parties acknowledge that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

38. The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offenses on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## Further Action by Internal Revenue Service

39. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charge alleged in the information.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

40. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

41. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

11

Case 2:07-cr-00057-CNC    Filed 03/20/12    Page 11 of 14    Document 505

Date: 3/7/12

WILLIAM L. BABLER
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/12/12

JAMES VOYLES
JENNIFER LUKEMEYER
Attorneys for Defendant

For the United States of America:

Date: 3/20/12

GREGORY J. HAANSTAD
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

Date: 3/20/12

RICHARD G. FROHLING
STEPHEN A. INGRAHAM
KELLY B. WATZKA
Assistant United States Attorneys

12

*Attachment A to Plea Agreement*

## COUNT ONE
### (Misprision of a Felony)

**THE UNITED STATES ATTORNEY CHARGES**:

Beginning by October 2005, and continuing through October 2007, in the Eastern District of Wisconsin, the Southern District of Indiana, and elsewhere,

**WILLIAM L. BABLER,**

in his capacity as the Chief Financial Officer of International Outsourcing Services (IOS), and having knowledge of the actual commission of felonies cognizable by a court of the United States, namely: conspiracy to commit wire fraud and conspiracy to obstruct justice in violation of Title 18, United States Code, Sections 371, 1343, and 1503(a), concealed the same by providing and attempting to provide false information regarding IOS's accounting practices to IOS's outside auditors and others, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

All in violation of Title 18, United States Code, Section 4.

### Attachment B to Plea Agreement

International Outsourcing Services, LLC, its predecessors, and its subsidiaries ("IOS") processed coupons for retail clients. Beginning by March 2003, and continuing into 2007, IOS and various IOS employees conspired to commit wire fraud and to obstruct an ongoing investigation by a federal grand jury sitting in Milwaukee, which had been looking into IOS's coupon-invoicing and accounting practices.

William Babler began serving as IOS's Chief Financial Officer on or before November 1, 2004. Shortly thereafter, Mr. Babler became aware of IOS's criminal conduct and took steps to conceal the true nature of IOS's activities. For example, Mr. Babler provided false information to others, including auditors and banks, regarding IOS's accounting practices. Between January and April 2006, Mr. Babler also drafted memos that provided false descriptions of the inception, duration, and intent of IOS's fraudulent accounting practices. Other individuals involved in wire fraud and/or obstruction-related conduct at IOS inserted, or directed Mr. Babler to insert, language in these memos which attempted to falsely blamed C.P. and K.C., two former employees IOS suspected of cooperating with law enforcement, for all of IOS's fraudulent business and accounting practices. At the time, IOS intended to disclose these memos to auditors and others. As Mr. Babler told a cooperating witness at the time, this false explanation was intended to "make the Milwaukee investigation go away."